## MOORE v. McCARTHY.

*Lease — what does not amount to renewal of, by tenant — surrender of.*

Defendant leased premises for three years with privilege of two years more at same rent. He occupied the premises fifteen months, when he left the same in possession of one K., with the landlord's knowledge. K. continued to pay rent until the expiration of the three years and occupied the premises, paying rent for about four months longer. When he left, he delivered the key to the landlord, who accepted it and within two years relet the premises. *Held*, (1) that the only obligation defendant assumed was the rent for the term of three years; he was not bound by the acts of K. in remaining longer, and such remaining did not operate to extend the lease as to defendant; and (2) that acceptance of the key and re-renting the premises worked a legal surrender and terminated the lease.

A PPEAL by defendant from a judgment in favor of plaintiff entered upon the report of a referee.

The action was brought by Rensselaer R. Moore against John McCarthy, to recover rent alleged to be due. Sufficient facts appear in the opinion.

*Churchill & Nutting,* for appellant.

*Waters & Sands,* for respondent.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

JAMES, J.   This action was to recover money alleged to be due for rent under a sealed lease made between plaintiff and defendant, whereby the latter leased of the former certain premises for the term of three years from the 1st day of January, 1869, ending on the 31st day of December, 1871, with the privilege to defendant of two years longer term, after the termination of the first term, at the same rent.

The defendant entered and occupied for fifteen months, he then, having paid the rent to that date, left the premises, one Kinney being in possession with plaintiff's knowledge.   Kinney continued to occupy, paying rent to plaintiff to May 8, 1872, when he left, delivering the key to plaintiff, and he accepting it.

From May 8, 1872, to September 1, 1873, the premises remained unoccupied.   The plaintiff rented a portion October 1, 1872, and the whole September 1, 1873.

The referee held that Kinney was a sub-tenant of defendant, and that his holding over after the term of the lease expired was an election by defendant to avail himself of the privilege given by the lease for two years more, and that he thereby became liable to plaintiff for the two years' rent from January 1, 1872, to December 31, 1873, and directed a judgment for the balance not realized from other actual occupants.

In this I think the learned referee erred.   The only obligation the defendant had assumed was the rent for the term of three years. He was not bound to give the lessee notice of its expiration — the lease spoke for itself.   Defendant had the option of extending the lease two years, but no other person, by his acts, or default, could exercise that option for him, without his knowledge or consent. Unless defendant gave notice of his election to continue the lease, it was the lessor's duty to know who occupied his premises.   *James v. Pope,* 19 N. Y. 324.

The referee was wrong for another reason.   After the expiration of the term there was a surrender and acceptance.   Accepting the key and re-renting the premises worked a legal surrender and ter-

minated the lease, at least from the time of the first re-renting, if not from the time of accepting the key.

In either view, the judgment was wrong and a new trial must be granted, costs to abide the event.

LEARNED, P. J. I concur upon the first ground stated.

*Judgment reversed and new trial granted.*